**2015 UT App 55**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
JOHNNY MAEZ,
Defendant and Appellant.

Per Curiam Decision
No. 20140472-CA
Filed March 5, 2015

Eighth District Court, Vernal Department
The Honorable Clark A. McClellan
No. 135800008

Colleen K. Coebergh, Attorney for Appellant

Sean D. Reyes and Cherise M. Bacalski, Attorneys
for Appellee

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN
and KATE A. TOOMEY.

PER CURIAM:

¶1     Johnny Maez appeals his sentence after pleading guilty to possession of a firearm by a restricted person, a second degree felony. Maez argues that the district court abused its discretion in sentencing him to prison instead of probation.

¶2     We review the sentencing decision of the district court, including the decision to grant or deny probation, for abuse of discretion. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to consider all legally relevant factors or if the sentence imposed is clearly excessive." *Id.* (citation and internal quotation marks omitted). Furthermore, "[a]n appellate court may only find abuse if it can be said that no reasonable [person] would take the

view adopted by the trial court." *Id.* (second alteration in original) (citation and internal quotation marks omitted). Finally, a "defendant is not entitled to probation, but rather the court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991).

¶3 Here, the evidence demonstrated that Maez had an extensive criminal history, having spent much of his adult life incarcerated. Maez also had what the district court termed an "ugly" parole history, having violated the terms of his parole or probation at least five times. In fact, the incident at issue in this case occurred while Maez was on probation. Additionally, the district court considered Maez's medical issues, i.e., kidney failure and a traumatic brain injury, as potential mitigating factors, although the district court noted that Maez had continued violating the law despite these medical issues. The record indicates that the district court considered all potential mitigating factors raised by Maez. Ultimately, the district court concluded: "Historically he has posed such a huge threat, and his injuries that he is suffering now, where he is involved in alleged gang activity where firearms were at play, and this is a charge where he possessed a . . . loaded gun . . . it seems to me that I have to protect society. I wish I had a different route, but I can't see it." Under the totality of the circumstances, we cannot conclude that "no reasonable [person] would take [this] view;" consequently, we cannot conclude that the district court abused its discretion in sentencing Maez to prison. *See Valdovinos*, 2003 UT App 432, ¶ 14.

¶4 Affirmed.

———————